UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
H. RIVERA, a/k/a RAFAEL RIVERA,

                Petitioner,

                -against-

ROSS BERT, Superintendent,
Arthur Kill Correctional Facility,

                Respondent.
----------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

05-CV-4976 (NG)

GERSHON, United States District Judge:

Petitioner, Hector Rivera, also known as Rafael Rivera, brings this pro se "motion habeas corpus" to challenge his 1988 New York State drug conviction. Although this submission does not specifically mention 28 U.S.C. § 2254, this Court construes it as a § 2254 petition for a writ of habeas corpus. Since petitioner previously filed an unsuccessful § 2254 petition to challenge this same conviction, this petition is "second or successive" and is therefore transferred to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2244(b)(3)(A).

Background

On March 2, 1988, petitioner was convicted in the Supreme of the State of New York, Kings County, on charges of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. That conviction was affirmed by the Appellate Division, Second Department, People v. Rivera, 177 A.D.2d 662, 576 N.Y.S.2d 364 (2d Dept. 1991), and petitioner was denied leave to appeal to the New York Court of Appeals on January 31, 1992. People v. Rivera, 79 N.Y.2d 863, 580 N.Y.S.2d 735 (1992).

In July 1993, after unsuccessfully moving the trial court pursuant to New York Criminal Procedure Law § 440.10 for an order vacating the conviction, petitioner filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. Rivera v. Ross, No. 93-CV-3322 (EHN). By memorandum and order dated April 26, 1994, the Honorable Eugene H. Nickerson denied that petition on the merits.

Thereafter, petitioner filed several letters and other submissions with the Court, one of which was construed by Judge Nickerson as a second or successive petition for a writ of habeas corpus. By memorandum and order dated April 16, 2001, Judge Nickerson directed that this second or successive petition be transferred to the United States Court of Appeals for the Second Circuit pursuant to Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996). Rivera v. Ross, No. 93-CV-3322 (EHN), slip op. (E.D.N.Y. Apr. 16, 2001). In July 2003, the Second Circuit denied petitioner permission to file a second or successive petition, ruling that petitioner's submission did not meet the criteria set forth in 28 U.S.C. § 2244(b) and did not present grounds that would allow this Court to grant relief. Rivera v. Ross, No. 01-3576, mandate (2d. Cir. July 31, 2003).

On October 6, 2005, petitioner filed the instant petition, which petitioner refers to as a "motion habeas corpus" or a "motion habeas corpus of appeal." This submission, which is highly inarticulate and contains portions which are unintelligible, does not specifically cite to 28 U.S.C. § 2254 or clearly state grounds for granting habeas corpus relief. However, it is nonetheless clear that the instant petition seeks to challenge petitioner's 1988 conviction.

Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a district court's jurisdiction over "second or successive" habeas corpus applications. See 28 U.S.C. § 2244(b). The AEDPA does not define the phrase "second or successive." See James v.

2

Walsh, 308 F.3d 162, 167 (2d Cir. 2002). However, the Second Circuit has held that a petition "will be regarded as second or successive if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." Carmona v. United States, 390 F.3d 200, 202 (2004) (per curiam) (citing Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998)); see also Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003) (to be considered "successive," the second petition "must, in a broad sense, represent a second attack by federal habeas petition on the same conviction").

While the instant petition is highly inarticulate and partially unintelligible, it clearly seeks to challenge petitioner's 1988 conviction. Therefore, although the petition makes no mention of 28 U.S.C. § 2254 and does not clearly articulate any ground for granting habeas corpus relief, this Court construes the instant submission as a § 2254 petition for a writ of habeas corpus. Moreover, since petitioner has already filed a petition for a writ of habeas corpus relating to this conviction, which was both denied on the merits and dismissed with prejudice by Judge Nickerson, this submission constitutes a "second or successive" § 2254 petition under the definitions set forth in Carmona and Vasquez.

Title 28, section 2244(b), of the United States Code sets forth the requirements for bringing a second or successive § 2254 petition. This subsection provides, inter alia, that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 2646 (2005) (citing 28 U.S.C. § 2244(b)(3)). Since there is nothing to suggest that petitioner has moved in the Court of Appeals pursuant to § 2244(b)(3)(A) for an order authorizing this

3

Court to consider this second or successive habeas corpus application or that the Second Circuit has granted petitioner's motion, this Court cannot consider the instant petition. However, in accordance with the procedure set forth in Liriano, 95 F.3d at 123, this Court will not dismiss this action, but will transfer this petition to the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631.

Conclusion

For the reasons set forth above, the Clerk of Court is hereby directed to transfer this petition to the United States Court of Appeals for the Second Circuit. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Upon transfer of this petition, the Clerk of Court shall close this case.

SO ORDERED.

/s/
_____

NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
Nov. 16, 2005